**Debtor 1**     Oddmund     Olav     Horve
First Name     Middle Name     Last Name

**Debtor 2**
(Spouse, if filing)    First Name     Middle Name     Last Name

United States Bankruptcy Court for the: __Northern__ District of __California__
(State)

Case number __17-10464 AJ__
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

_____

Official Form 113

# Chapter 13 Plan      12/17

## Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

$ __1,215.88__ per __month__ for __36__ months

[and $ _____ per_____ for _____ months.] *Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Debtor _____     Case number _____

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☒ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):_____.

**2.3 Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.
☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
☒ Debtor(s) will treat income tax refunds as follows:
   Debtor's income is exempt from taxation because it is veteran's disability income, and is not taxable in light of his total income.

**2.4 Additional payments.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
_____
_____

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $ _____1,215.88_____.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Wells Fargo Home Mortgage | 715 Western Ave. | $ 3,212.72 <br> Disbursed by: <br> ☐ Trustee <br> ☒ Debtor(s) | $ 36,887 | 0 % | $ 1024.64 | $ 1024.64 |
| _____ | _____ | $_____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $_____ | _____% | $_____ | $_____ |

*Insert additional claims as needed.*

**3.2  Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a)  payment of the underlying debt determined under nonbankruptcy law, or

(b)  discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ___% | $_____ | $_____ |
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ___% | $_____ | $_____ |

*Insert additional claims as needed.*

**3.3  Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below were either:

(1)  incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2)  incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| _____ | _____ | $_____ | _____% | $_____ Disbursed by: ☐ Trustee ☐ Debtor(s) | $_____ |
| _____ | _____ | $_____ | _____% | $_____ Disbursed by: ☐ Trustee ☐ Debtor(s) | $_____ |

*Insert additional claims as needed.*

Debtor _____   Case number _____

## 3.4 Lien avoidance.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
 **The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

❏ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of creditor** _____ | a. Amount of lien | $_____ | **Amount of secured claim after avoidance** (line a minus line f) $_____ |
| | b. Amount of all other liens | $_____ | |
| **Collateral** _____ | c. Value of claimed exemptions | + $_____ | **Interest rate** (if applicable) _____ % |
| | d. Total of adding lines a, b, and c | $_____ | |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) _____ _____ | e. Value of debtor(s)' interest in property | − $_____ | **Monthly payment on secured claim** $_____ |
| | f. Subtract line e from line d. | $_____ | **Estimated total payments on secured claim** $_____ |
| | Extent of exemption impairment (*Check applicable box*): ❏ **Line f is equal to or greater than line a**. The entire lien is avoided. *(Do not complete the next column.)* ❏ **Line f is less than line a.** A portion of the lien is avoided. (*Complete the next column.*) | | |

*Insert additional claims as needed.*


## 3.5 Surrender of collateral.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

❏ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| _____ | _____ |
| _____ | _____ |

*Insert additional claims as needed.*

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be __5__ % of plan payments; and during the plan term, they are estimated to total $_2,084.40_____.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $_4800_____.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) estimate the total amount of other priority claims to be _____.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months;* see 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
| _____ | $_____ |
| _____ | $_____ |

*Insert additional claims as needed.*

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---|---|

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $_____.

☐ _____% of the total amount of these claims, an estimated payment of $_____.

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

Debtor _____ Case number _____

### 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| _____ | $_____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $_____ | $_____ |
| _____ | $_____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $_____ | $_____ |

*Insert additional claims as needed.*

### 5.3 Other separately classified nonpriority unsecured claims. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____% | $_____ |
| _____ | _____ | $_____ | _____% | $_____ |

*Insert additional claims as needed.*

## Part 6: Executory Contracts and Unexpired Leases

### 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

Case: 17-10464    Doc# 18    Filed: 06/23/17    Entered: 06/23/17 14:11:05    Page 6 of 14

Debtor _____  Case number _____

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| _____ | _____ | $_____ Disbursed by: ❏ Trustee ❏ Debtor(s) | $_____ | _____ _____ | $_____ |
| _____ | _____ | $_____ Disbursed by: ❏ Trustee ❏ Debtor(s) | $_____ | _____ _____ | $_____ |

*Insert additional contracts or leases as needed.*

# Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

☑ plan confirmation.

❏ entry of discharge.

❏ other: _____.

# Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

❏ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

Cancellation of foreclosure sale allegedly conducted on March 20, 2013, using trustee's strong arm power under 11 U.S.C. §544(a)(3). Creditor Wells Fargo Home Mortgage never recorded a trustee's deed upon sale, and thus there is no perfected interest in the Property located at 715 Western Ave. Petaluma, CA. Title remains in Debtor's name at the time of filing the Ch 13 petition, without dispute.
_____

## Part 9: Signature(s):

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

✘ ___/s/ Oddmund Horve___  ✘ _____
Signature of Debtor 1                        Signature of Debtor 2

Executed on __06/22/2017__          Executed on _____
            MM / DD / YYYY                        MM / DD / YYYY

✘ ___/s/ Dean Lloyd_____   Date   __06/22/2017__
Signature of Attorney for Debtor(s)                MM / DD / YYYY

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*) | $ 1,024.64 |
| b. | **Modified secured claims** (*Part 3, Section 3.2 total*) | $ 0 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*) | $ 0 |
| d. | **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*) | $ 0 |
| e. | **Fees and priority claims** (*Part 4 total*) | $ 191.24 |
| f. | **Nonpriority unsecured claims** (*Part 5, Section 5.1, highest stated amount*) | $ 0 |
| g. | **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.2 total*) | $ 0 |
| h. | **Separately classified unsecured claims** (*Part 5, Section 5.3 total*) | $ 0 |
| i. | **Trustee payments on executory contracts and unexpired leases** (*Part 6, Section 6.1 total*) | $ 0 |
| j. | **Nonstandard payments** (*Part 8, total*) | + $ 0 |
| | **Total of lines a through j** | $ 1215.88 |

## Committee Note

Official Form 113 is new and is the required plan form in all chapter 13 cases, except to the extent that Rule 3015(c) permits the use of a Local Form. Except as permitted by Rule 9009, alterations to the Official Form are not permitted. As the form explains, spaces for responses may be expanded or collapsed as appropriate, and sections that are inapplicable do not need to be reproduced. Portions of the form provide multiple options for provisions of a debtor's plan, but some of those options may not be appropriate in a given debtor's situation or may not be allowed in the court presiding over the case. Debtors are advised to refer to applicable local rulings. Nothing in the Official Form requires confirmation of a plan containing provisions inconsistent with applicable law.

*Part 1*. This part sets out warnings to both debtors and creditors. For creditors, if the plan includes one or more of the provisions listed in this part, the appropriate boxes must be checked. For example, if Part 8 of the plan proposes a provision not included in, or contrary to, the Official Form, that nonstandard provision will be ineffective if the appropriate check box in Part 1 is not selected.

*Part 2*. This part states the proposed periodic plan payments, the estimated total plan payments, and sources of funding for the plan. Section 2.1 allows the debtor or debtors to propose periodic payments in other than monthly intervals. For example, if the debtor receives a paycheck every week and wishes to make plan payments from each check, that should be indicated in § 2.1. If the debtor proposes to make payments according to different "steps," the amounts and intervals of those payments should also be indicated in § 2.1. Section 2.2 provides for the manner in which the debtor will make regular payments to the trustee. If the debtor selects the option of making payments pursuant to a payroll deduction order, that selection serves as a request by the debtor for entry of the order. Whether to enter a payroll deduction order is determined by the court. See Code § 1325(c). If the debtor selects the option of making payments other than by direct payments to the trustee or by a payroll deduction order, the alternative method (*e.g.*, a designated third party electronic funds transfer program) must be specified. Section 2.3 provides

for the treatment of any income tax refunds received during the plan term.

*Part 3*. This part provides for the treatment of secured claims.

The Official Form contains no provision for proposing preconfirmation adequate protection payments to secured creditors, leaving that subject to local rules, orders, forms, custom, and practice. A Director's Form for notice of and order on proposed adequate protection payments has been created and may be used for that purpose.

Section 3.1 provides for the treatment of claims under Code § 1322(b)(5) (maintaining current payments and curing any arrearage). For the claim of a secured creditor listed in § 3.1, an estimated arrearage amount should be given. A contrary arrearage or current installment payment amount listed on the creditor's timely filed proof of claim, unless contested by objection or motion, will control over the amount given in the plan.

In § 3.2, the plan may propose to determine under Code § 506(a) the value of a secured claim. For example, the plan could seek to reduce the secured portion of a creditor's claim to the value of the collateral securing it. For the secured claim of a non-governmental creditor, that determination would be binding upon confirmation of the plan. For the secured claim of a governmental unit, however, a contrary valuation listed on the creditor's proof of claim, unless contested by objection or motion, would control over the valuation given in the plan. *See* Bankruptcy Rule 3012. Bankruptcy Rule 3002 contemplates that a debtor, the trustee, or another entity may file a proof of claim if the creditor does not do so in a timely manner. *See* Bankruptcy Rules 3004 and 3005. Section 3.2 will not be effective unless the appropriate check box in Part 1 is selected.

Section 3.3 deals with secured claims that under the so-called "hanging paragraph" of § 1325(a)(5) may not be bifurcated into secured and unsecured portions under Code § 506(a), but it allows for the proposal of an interest rate other than the contract rate to be applied to payments on such a claim. A contrary claim amount listed on the creditor's timely filed proof of claim, unless contested by

objection or motion, will control over the amount given in the plan. If appropriate, a claim may be treated under § 3.1 instead of § 3.3.

In § 3.4, the plan may propose to avoid certain judicial liens or security interests encumbering exempt property in accordance with Code § 522(f). This section includes space for the calculation of the amount of the judicial lien or security interest that is avoided. A plan proposing avoidance in § 3.4 must be served in the manner provided by Bankruptcy Rule 7004 for service of a summons and complaint. *See* Bankruptcy Rule 4003. Section 3.4 will not be effective unless the appropriate check box in Part 1 is selected.

Section 3.5 provides for elections to surrender collateral and requests for termination of the stay under § 362(a) and § 1301 with respect to the collateral surrendered. Termination will be effective upon confirmation of the plan.

*Part 4*. This part provides for the treatment of trustee's fees and claims entitled to priority status. Section 4.1 provides that trustee's fees and all allowed priority claims (other than those domestic support obligations treated in § 4.5) will be paid in full. In § 4.2, the plan lists an estimate of the trustee's fees. Although the estimate may indicate whether the plan will be feasible, it does not affect the trustee's entitlement to fees as determined by statute. In § 4.3, the form requests a statement of the balance of attorney's fees owed. Additional details about payments of attorney's fees, including information about their timing and approval, are left to the requirements of local practice. In § 4.4, the plan calls for an estimated amount of other priority claims. A contrary amount listed on the creditor's proof of claim, unless changed by court order in response to an objection or motion, will control over the amount given in § 4.4. In § 4.5, the plan may propose to pay less than the full amount of a domestic support obligation that has been assigned to, or is owed to, a governmental unit, but not less than the amount that claim would have received in a chapter 7 liquidation. *See* §§ 1322(a)(4) and 1325(a)(4) of the Code. This plan provision requires that the plan payments be for a term of 60 months. *See* § 1322(a)(4).

*Part 5.* This part provides for the treatment of unsecured claims that are not entitled to priority status. In § 5.1, the plan may propose to pay nonpriority unsecured claims in accordance with several options. One or more options may be selected. For example, the plan could propose simply to pay unsecured creditors any funds remaining after disbursements to other creditors, or it could also provide that a defined percentage of the total amount of unsecured claims will be paid. In § 5.2, the plan may propose to cure any arrearages and maintain periodic payments on long-term, nonpriority unsecured debts pursuant to § 1322(b)(5) of the Code. In § 5.3, the plan may provide for the separate classification of nonpriority unsecured claims (such as co-debtor claims) as permitted under Code § 1322(b)(1).

*Part 6.* This part provides for executory contracts and unexpired leases. An executory contract or unexpired lease is rejected unless it is listed in this part. If the plan proposes neither to assume nor reject an executory contract or unexpired lease, that treatment would have to be set forth as a nonstandard provision in Part 8.

The Official Form contains no provision on the order of distribution of payments under the plan, leaving that to local rules, orders, custom, and practice. If the debtor desires to propose a specific order of distribution, it must be contained in Part 8.

*Part 7.* This part defines when property of the estate will revest in the debtor or debtors. One choice must be selected—upon plan confirmation, upon entry of discharge the case, or upon some other specified event. This plan provision is subject to a contrary court order under Code § 1327(b).

*Part 8.* This part gives the debtor or debtors the opportunity to propose provisions that are not otherwise in, or that deviate from, the Official Form. All such nonstandard provisions must be set forth in this part and nowhere else in the plan. This part will not be effective unless the appropriate check box in Part 1 is selected. *See* Bankruptcy Rule 3015(c).

*Part 9.* The plan must be signed by the attorney for the debtor or debtors. If the debtor or debtors are not

represented by an attorney, they must sign the plan, but the signature of represented debtors is optional. In addition to the certifications set forth in Rule 9011(b), the signature constitutes a certification that the wording and order of Official Form 113 have not been altered, other than by including any nonstandard provision in Part 8.